**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Suzanne Ginn, ) | No. CV-06-0930-PHX-FJM |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| Joanne Barnhart, Commissioner, Social ) Security Administration, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

Suzanne Ginn ("plaintiff") brought this action seeking review of the Social Security Administration's decision that she is ineligible for disability benefits. The court has before it plaintiff's motion for summary judgment (doc. 7), defendant's response and cross-motion for summary judgment (doc. 13), defendant's notice of errata (doc. 15), and plaintiff's response to defendant's motion for summary judgment (doc. 16). Neither party filed a reply. For the reasons set forth below, we deny plaintiff's motion and grant defendant's.

**I.**

Plaintiff filed an application for disability benefits on November 30, 2003, alleging that she became disabled on November 18, 2002, due to congenital hip problems. After a hearing held on June 10, 2005, the Administrative Law Judge (ALJ) found plaintiff ineligible

for benefits. The Appeals Council denied plaintiff's Request for Review. Plaintiff then brought this action pursuant to 42 U.S.C. § 405(g).

**II.**

An ALJ's decision to deny benefits will stand unless "it is not supported by substantial evidence or is based on legal error." Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. An ALJ's decision will be upheld "if supported by inferences reasonably drawn from the record," and deferred to even where "evidence exists to support more than one rational interpretation." Batson v. Comm'r of Soc. Sec. Admin., 359 F.3d 1190, 1193 (9th Cir. 2004).

Here, the ALJ found that plaintiff was not disabled because she retained the residual functional capacity for sedentary work, which requires sitting, lifting no more than 10 pounds at a time, and occasional walking and standing. See 20 C.F.R. § 404.1567(a) (2006). Plaintiff seeks reversal of the ALJ's disability determination on two grounds. First, plaintiff asserts that the ALJ improperly rejected her treating physician's assessment of her capacity for sedentary work and degree of pain and fatigue. Second, plaintiff contends that the ALJ misinterpreted the implications of her chosen pain management.

A.

Plaintiff first contends that the ALJ erred in rejecting the opinions of Dr. Robert Allen, plaintiff's treating physician. Dr. Allen concluded that plaintiff could not stand, sit or walk for longer than one hour per day, that her pain was severe and fatigue level was moderately severe. Plaintiff would be unable to perform sedentary work if these assessments were accepted.

An ALJ may reject controverted testimony of a treating physician only if "specific and legitimate reasons supported by substantial evidence in the record for doing so" are provided. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). " 'Although a treating physician's opinion is generally afforded the greatest weight in disability cases, it is not binding on an ALJ with respect to the existence of an impairment or the ultimate

determination of disability' " and " '[t]he ALJ may disregard the treating physician's opinion whether or not that opinion is contradicted.' "  Batson, 359 F.3d at 1195 (citations omitted). An ALJ may discredit treating physicians' opinions that are "unsupported by the record as a whole." Id.

Here, the ALJ gave minimal weight to Dr. Allen's assessments, finding that the medical evidence as a whole was inconsistent with his findings. Two examining physicians concluded that plaintiff's sitting limitations did not eliminate her residual functional capacity for sedentary work, conclusions consistent with the medical opinions of the state agency's physicians. See Decision, Tr. at 17-19; Case Development Sheet, Tr. at 94 (rejecting Dr. Allen's opinion as one based on "subjective issues" and contrary to the evidence as a whole). The ALJ stated that Dr. Allen, by contrast, found on April 15, 2004 and October 13, 2004, that plaintiff could sit only for "zero to one hour" and had "moderately severe pain and fatigue." Id. On May 31, 2005, he found that plaintiff's sitting limitations were the same, but that her pain was "severe." Id. Plaintiff contends that the ALJ did not cite any reason for rejecting Dr. Allen's opinions. Plaintiff's Motion for Summary Judgment at 3. Yet the ALJ considered the evidence as a whole and cited several opinions that conflicted with Dr. Allen's conclusions. Because the ALJ highlighted the inconsistencies between Dr. Allen's findings and those of other physicians, specific and legitimate reasons were given for rejecting the findings, and the conclusion is supported by substantial evidence in the record as a whole.

B.

We next consider whether the ALJ properly determined that plaintiff's complaints regarding the degree of her impairments and limitations were not wholly credible. An ALJ may use ordinary techniques of credibility evaluation, but must make specific findings to support a negative credibility assessment. See Bunnell v. Sullivan, 947 F.2d 341, 345, 346 (9th Cir. 1991). We may not substitute our judgment for that of the ALJ

1 when "evidence reasonably supports either confirming or reversing the ALJ's decision."
2 Batson, 359 F.3d at 1196.

3 Here, the ALJ set forth sufficiently specific findings in support of the credibility determination. First, the ALJ found that although plaintiff alleged disabling pain, she took only one prescription pain medication. The ALJ reasonably inferred that if the medication failed to adequately control her pain, plaintiff would have sought alternative forms of pain management. See Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir. 1982) (stating that an ALJ "is entitled to draw inferences logically flowing from the evidence"). Plaintiff asserts that the ALJ misinterpreted this evidence because doctors "are reticent to prescribe multiple pain medications due to their effects" and that she ceased taking anti-inflammatory medication because of its effect on her gastro-intestinal system. Plaintiff's Motion for Summary Judgment at 4. We will not adopt plaintiff's interpretation of the evidence and substitute it for the ALJ's when evidence reasonably supports confirming the ALJ's decision.

Next, the ALJ found that plaintiff's pain was not disabling because she would undergo total hip replacement surgery only when non-operative care failed and rendered her disabled. The ALJ reasonably inferred that because plaintiff had yet to undergo surgery, non-operative care was fending off the sort of pain that would render her disabled. Furthermore, the ALJ noted that plaintiff is not disabled because her activities are consistent with those of a person able to perform sedentary work. Plaintiff contends that she is disabled despite her decision regarding surgery because she was unwilling to undergo the "pain" and "potential for adverse results" of hip replacement. Plaintiff's Motion for Summary Judgment at 4. Again, we cannot replace the ALJ's reasonably supported explanation by adopting the plaintiff's interpretation of the evidence.

Based on the foregoing, we conclude that the ALJ properly found that plaintiff's testimony was not wholly credible.

1   **IT IS THEREFORE ORDERED DENYING** plaintiff's motion for summary
2   judgment (doc. 7) and granting defendant's cross-motion for summary judgment (doc.
3   13).
4   DATED this 25th day of September, 2006.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge